# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:26-cr-00004-1

DARRELL SHAWTON COLLINS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion for Bill of Particulars* (Document 19) and the *Government's Response in Opposition to the Defendant's Motion for a Bill of Particulars* (Document 20). For the reasons stated herein, the Court finds that the motion should be denied.

The Defendant is charged in a four-count indictment with sex and labor trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and 1589. The indictment alleges that "[f]rom in and around June 2025 through in and around August 2025," at or near Saint Albans, West Virginia, the Defendant,

> in and affecting interstate or foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained, by any means, Victim 1, knowing and in reckless disregard of the fact that means of force, threats of force, coercion . . . and any combination of such means would be used to cause Victim 1 to engage in a commercial sex act.

(Document 1.) The indictment further alleges that "[f]rom in and around May 2025 through in and around October 2025," at or near Saint Albans, West Virginia, the Defendant "knowingly

provided and obtained the labor and services of" Victims 1, 2, and 3 by "force and threats of force," "serious harm and threats of serious harm," and "means of any scheme, plan, and pattern intended to cause" Victims 1, 2, and 3 "to believe that, if [they] did not perform such labor and services, that [they] would suffer serious harm." (*Id.*)

The Defendant argues that the Government should be directed to provide him with a bill of particulars because the indictment is defective, which in turn prevents him from asserting any defense. Specifically, he argues that the indictment merely recites the charging statutes and fails to provide specific dates, locations, or circumstances. The Defendant also argues that because "the government maintains that the purported 'victims' are not minors, there is no reason [to] conceal defendant's accusers through [the] use of generic labels, or to not otherwise state specific dates of the defendant's conduct." (Def.'s Mot. at 3.) The Defendant asserts that the indictment's failure to contain such information would make it impossible for him to assert a double jeopardy defense in "any future prosecution falling within the stated date ranges with respect to any particular individual." (*Id.*) Additionally, the Defendant asserts that the indictment does not list the specific means of trafficking that he is alleged to have engaged in, as well as "where, when, how many times, for how long, and with respect to whom" such trafficking occurred, but rather, lists all the statutory means. (*Id.* at 4.)

The Government argues that the Defendant has failed to demonstrate that he is entitled to a bill of particulars. Specifically, the Government argues that the Defendant cannot demonstrate the need for a bill of particulars at this time because it will be providing extensive discovery in compliance with Rule 16, which will, along with the indictment, provide the Defendant with sufficient notice and detail about the charges and the alleged conduct covered by each count.

2

Additionally, the Government argues that the Defendant is seeking to obtain detailed disclosures of the Government's theory before trial, which is not the purpose of a bill of particulars.

The decision on whether to order a bill of particulars is well within the discretion of the trial court. *United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979). The Fourth Circuit has explained that "the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). However, its purpose is not "to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996); *see also United States v. Taylor*, 983 F.2d 1059 (Table), 1993 WL 3479, at *2 (4th Cir. 1993) (stating that providing information through a bill of particulars does not equate to requiring "that the government provide the defendant with discovery" because that "is not the office of a bill of particulars").

A bill of particulars is unnecessary when the Government has or will provide the Defendant with detailed discovery. *See Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d at 466 (finding a bill of particulars unnecessary "[i]n light of [the] extensive disclosure by the Government"); *see also United States v. McComber*, No. ELH-21-36, 2021 WL 5760731, at *7 (D. Md. Dec. 3, 2021) ("[W]here an indictment is legally sufficient, detailed discovery may obviate the need for a bill of particulars."); *United States v. Taylor*, No. 3:04CR227, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2005) ("Defendants are not. . . entitled to an unnecessary bill of particulars, where the

underlying objectives of a Fed.R.Crim.P. 7 motion are fully satisfied by informal or formal discovery.").

Much of the information that the Defendant is requesting is more in line with the type of information that will be revealed through discovery, which the Government has not been given the opportunity to provide. Thus, the Court finds that the Defendant's motion should be denied at this particular time. *See United States v. Wang*, No. TDC-24-0211, 2025 WL 50520, at *10 (D. Md. Jan. 8, 2025) ("Where the issue of fair notice can and will be addressed through the discovery process, the request for a bill of particulars will be denied.").

Wherefore, after careful consideration, the Court **ORDERS** that the Defendant's *Motion for Bill of Particulars* (Document 19) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 19, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA